**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID EDWARD GAUDETTE,** § | | |
| Plaintiff, § | | |
| § | | |
| Vs. § | Civil Action No. 1:23-CV-769 | |
| § | | |
| **ANGEL HEART HOSPICE, LLC, dba** § | Jury Requested | |
| **NEW CENTURY HOSPICE, Inc.,** § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**Jurisdiction and Venue**

1. This action, brought by Plaintiff David Edward Gaudette ("Gaudette"), alleges disparate treatment based on gender discrimination, hostile work environment, and/or retaliation under Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII") against Defendant Angel Heart Hospice, LLC, dba New Century Hospice, Inc. ("NCH").

2. The Court has jurisdiction under 28 U.S.C. §1331 (federal question), under 28 U.S.C. §1343 (civil rights).

3. All conditions precedent have been exhausted and/or performed prior to the filing of the Title VII claims: Gaudette filed his charge of gender discrimination, hostile work environment, and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 5, 2022, within 300 days of the date of the adverse employment actions complained of herein; a federal notice of right to sue letter was received by Gaudette from the EEOC no earlier than April 17, 2023, and therefore this complaint was timely filed within 90 days of that date. See Exhibit A, which contains copies of the charge and right to sue letter.

1

4. The acts or omissions, which serve as the basis for this suit, occurred in Travis and Williamson Counties, State of Texas and in this Division of the Western District of Texas; therefore, venue is proper in this Court. 28 U.S.C. §1391(b) and (c).

## Parties

5. Gaudette is a citizen of the United States and a resident of Lavaca County, Texas. Gaudette may be contacted through his attorney of record in this cause.

6. Angel Heart Hospice, LLC is a domestic limited liability company doing business as New Century Hospice, Inc., a foreign for-profit corporation, doing business in Texas and in this federal court district and division.  NCH may be served through its Registered Agent for Service of Process, C.T. Corporations System at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136 USA.

## Factual Statement of the Case

7. Gaudette is a gay male who was fully qualified and licensed and provided competent work for NCH as a Hospice RN in the Austin area of Texas for four years prior to his constructive discharge on September 20, 2021.

8. In the months prior to Gaudette's constructive discharge, Gaudette worked the weekend shift caring for the needs of the company's hospice patients as assigned and as needed.

9. Gaudette had worked with the understanding that he was part of a mutually respectful and professional relationship with his patients, co-workers, management, and administration.

10. However, all that changed when Gaudette learned that he was the subject of ridicule and derisive comments and laughter during a staff meeting

2

on September 15, 2021 regarding being negatively and disrespectfully perceived as outside the norm of expectation for heterosexual males by his:

- Co-workers: Faith Tyner ("Tyner") and Dawn Porter ("Porter"),
- Supervisor: Jon Godby ("Godby"), and
- Employer: NCH.

11. Tyner's and Porter's disrespectful comments about Gaudette essentially stripped Gaudette of his gender by suggesting in overly affected tones that Gaudette would not be mistaken for a male Hospice RN.

12. This exchange between Tyner and Porter during the meeting forms direct evidence of discriminatory intent given that the comments were directly linked with Gaudette's gender, sexuality, and self-expression and behavior.

13. Several participants engaged in derisive and disrespectful enjoyment and laughter in response to Tyner's and Porter's comments.

14. NCH's management representative at this meeting was also Gaudette's supervisor, Jon Godby ("Godby"). In response to Tyner's and Porter's comments and the laughter, Godby took no action to protect Gaudette from the unwarranted and illegal ridicule or even, at a minimum, communicate that such disrespectful and discriminatory comments and conduct are unacceptable and would not be tolerated in NCH's workplace.

15. As a result, Godby's failure to speak out or take action against such directly discriminatory comments and laughter, as NCH's management representative at that meeting, established that NCH publicly adopted those

disrespectful and discriminatory comments and laughter as acceptable in NCH's workplace.

16. This established a discriminatorily hostile work environment for Gaudette realizing that his co-workers, supervisor, and therefore employer, would express such discriminatory comments about his gender, sexuality, and behavior, react with laughter in acceptance of such discriminatory comments, and fail or refuse to oppose or otherwise speak out against such discriminatory comments.

17. To make matters worse and thus solidify the continued and irremediable existence of a hostile work environment for Gaudette and thereby justify his constructive discharge, NCH chose to deny that the discriminatory comments and laughter had occurred, instead of acknowledging the discriminatory comments, laughter, and failure to take action against it and then apologize and take steps to clearly communicate the unacceptability of such discriminatory comments and conduct, apologize for failing to take prompt remedial action, and then take action to show a commitment to never let that happen again.

18. Gaudette quit in constructive discharge of his employment the next Monday following the meeting, September 20, 2021, because Gaudette could not continue to work for an employer that would:

- fail or refuse to protect him from discrimination and illegal derision in the workplace when it occurred,
- deny that the discriminatory comments and conduct occurred, and

- then force sensitivity training on the employees in the context that nothing occurred, but NCH is forcing its employees to attend sensitivity training because Gaudette needs or demands it, thus further ostracizing Gaudette from his co-workers and employer.

19. NCH failed or refused to take any one or more of the following that would have gone a long way to repair the hostile work environment that NCH created as stated above:

- to acknowledge the gender-based transgressions against Gaudette by Gaudette's co-workers, supervisor, and NCH, itself,
- to apologize for the gender-based transgressions and failure or refusal to protect Gaudette in response,
- to express that NCH had to correct the existing hostile work environment that would allow such transgressions to occur and not be redressed and eliminated, and
- to communicate a present and continued commitment to maintain a protected and mutually respectful workplace for all of its employees.

20. Following Gaudette's communication to NCH that he was quitting his position in protest of NCH's failure or refusal to protect him from discrimination, NCH threatened Gaudette on October 5, 2021 with the potential loss of his nursing license through NCH's threat to report Gaudette to the Texas Board of Nursing for an alleged HIPAA violation that NCH knew was pretextual as a means of dissuading Gaudette from continuing to pursue his claims of gender-based discrimination, hostile work environment, and constructive discharge against NCH.

21. As a result of NCH's gender-based discriminatory actions, hostile work environment, constructive discharge, and retaliatory actions against Gaudette, Gaudette suffered and continues to suffer economic and non-economic damages, both statutory and equitable in nature, such as lost back pay, benefits, front pay, humiliation, loss of

5

enjoyment of life, mental anguish, loss of career opportunity/advancement and other damages, and has incurred attorney's fees and costs, for which he seeks recovery.

22. Because of the consistent and known effect of much of the conduct complained of herein, Gaudette also asserts that NCH has engaged in intentional and malicious conduct such that it should be subject to punitive damages in an effort to deter such conduct in the future.

### Factual Allegations

### Damages

23. Because of the statutorily impermissible and willful, if not malicious, acts of NCH and its representatives, Gaudette has suffered loss of income, loss of benefits, loss of retirement benefits, loss of career opportunity, loss of career investment, and loss of advancement pursuant to Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII). As a consequence of the unlawful and outrageous actions of NCH, Gaudette has suffered humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish. Gaudette seeks recovery of compensatory, equitable (i.e., back pay and front pay), and punitive damages, as well as attorney's fees, and costs and pre and post judgment interest in the maximum amounts allowed by law pursuant to Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII") and 42 U.S.C. §1981.

### Relief Requested

Paragraphs one (1) through twenty-three (23) of this complaint are incorporated by reference and made a part of Relief One through Relief Four, inclusive.

**6**

## EQUITABLE RELIEF

### Relief One

Equitable, injunctive, and compensatory damages are the only means of securing adequate relief for Gaudette.  Gaudette suffered, is now suffering, and will continue to suffer irreparable injury from NCH's unlawful conduct as set forth herein until and unless enjoined by the Court through a permanent injunction against NCH pursuant to the remainder of the claims, to include but not be limited to removing documentation of these illegal and false disciplinary actions from his file to include any reference to his termination pursuant to Title VII.

### Relief Two

Gaudette is entitled to awards of pre- and post-judgment interest on any amounts awarded to him pursuant to Title VII.

## LEGAL RELIEF

### Relief Three

Gaudette is entitled to emotional, compensatory, expectation, consequential, and punitive damages due to the malicious and/or recklessly indifferent illegal actions by NCH as alleged herein pursuant to Title VII.

### Relief Four

Gaudette is entitled to reasonable attorneys' fees and costs (including appellate fees and costs as necessary) pursuant to Title VII.

## PRAYER FOR RELIEF

Gaudette requests the Court to cause NCH to be cited to appear and answer in this Court, and that upon final hearing, the Court grant to Gaudette as follows:

1. Grant Gaudette judgment in his favor;

2. Grant Gaudette injunctive relief enjoining NCH, its agents, successors, employees, and those acting in concert with them or at their direction from continuing to abridge Gaudette's rights;

3. Grant Gaudette compensatory damages for NCH's acts of racial discrimination and/or retaliation against him, pursuant to Title VII;

4. Grant Gaudette punitive damages for NCH's willful and malicious acts of discrimination and/or retaliation against him, pursuant to Title VII;

5. Grant Gaudette pre- and post-judgment interest in the highest lawful amount, pursuant to Title VII;

6. Grant Gaudette reasonable attorney's fees, together with his costs, pursuant to Title VII;

7. Grant Gaudette appellate attorney's fees, together with his costs, pursuant to Title VII, should they become necessary; and

8. Such other and further relief as the Court determines justice and equity so require.

Respectfully submitted,

 /s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com
(512) 474-7563
(512) 852-4788 facsimile
ATTORNEY FOR PLAINTIFF

8

Ex. A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before ... | ☐ FEPA<br>☒ EEOC | 451-2022-00903 |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. David Edward Gaudette | (512) 903-4246 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 402 County Road 426, | Yoakum, Texas  77995 | 04/08/1977 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| New Century Hospice | | (512) 342-8122 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 9430 Research Blvd, Echelon 2, Suite 100, Austin, TX  78759 | | Travis |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 09/15/2021
LATEST (ALL): Unknown
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

After working for New Century Hospice ("NCH") for several years, I learned that I was ridiculed for my normal conduct which is outside of perceived or accepted gender norms for a man having nothing to do with my skills, performance, or conduct professionally and a Registered Nurse. The ridicule and derogatory treatment and reactions were expressed and joined in by multiple employees during a meeting with my supervisor, Jon Godby, but Mr. Godby did nothing to either stop the comments, conduct, or reactions to the derogatory ridicule. The next day, when a co-worker, ▮▮▮▮, confronted Mr. Godby about the incident complaining of the inappropriate comments and reactions aimed at me for my natural way of being just because it is outside perceived or accepted gender norms for a man and that Mr. Godby had not done anything to address those degrading actions, Mr. Godby at first acknowledged that those inappropriate actions had occurred and were being dealt with by NCH. However, Mr. Godby left the meeting with ▮▮▮▮ for a few minutes to speak with his supervisor, Mr. Andy Gonzales. When Mr. Godby returned to ▮▮▮▮, Mr. Godby abruptly changed his position: now denying to ▮▮▮▮ that anything improper had occurred at the meeting the prior day that they had just discussed. Godby me, and Dr 1/29/22

At that point, ▮▮ resigned. ▮▮ informed me what had occurred. I also contacted Mr. Godby, who continued to deny that anything inappropriate had occurred at the meeting. I had received confirmation from another employee that had also witnessed the derogatory ridicule based upon my behavior that is viewed as outside perceived or accepted gender norms for a man. As a result, I could no longer personally or professionally continue to work for an organization that would: 1) allow its employees to engage in open and unrebuked derogatory ridicule of one of its professionals for nothing other than their natural way of being just because it is outside perceived or accepted gender norms for a man, 2) fail to take action to protect me or others from such misconduct, and then, and 3) outright lie about it having happened. To continue to work under such circumstances would be the very definition of a hostile work environment and therefore, I had no choice but to resign in constructive discharge of my job with NCH.

I believe that I was subjected to gender discrimination and/or retaliation because of protected activity both in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission of Human Rights Act. NCH also retaliated against me in writing with a threat to report to DHHS that I violated HIPAA, which I didn't, and mentioned "peacefully coexist" in apparent quid pro quo. DG 1/29/22

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/5/22    Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

EEOC Form 161 (11/16)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **David E Gaudette**<br>402 County Road 426<br>Yoakum, TX 77995X | From: **San Antonio Field Office**<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **451-2022-00903** | **Hector Colon-Padro**<br>State and Local Coordinator | **(210) 640-7546** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

For _____  2023-04-17

Enclosures(s)      **Norma J. Guzman,**      *(Date Mailed)*
              Field Director

cc: **New Century Hospice**      **ROBERT NOTZON**
c/o **SCOTT A. WANDSTRAT**      **LAW OFFICES OF ROBERT S. NOTZON**
**Deputy General Counsel**      1502 West Avenue
3350 Riverwood Pkwy Se, Ste 1400      Austin, TX 78701
**Atlanta, GA 30339**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*