IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID EDWARD GAUDETTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-769-DII |
| | § | |
| ANGEL HEART HOSPICE, LLC | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Defendant Angel Heart Hospice, LLC ("Defendant") Motion for Judgment on the Pleadings, (Dkt. 13). (R. & R., Dkt. 24). Plaintiff David Edward Gaudette ("Plaintiff") timely filed objections to the report and recommendation. (Objs., Dkt. 31). Plaintiff also filed an opposed motion for leave to file an amended complaint. (Mot., Dkt. 30).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and adopts the report and recommendation as its own order.

The Court next turns to Plaintiff's motion for leave, (Dkt. 30). Plaintiff, a resident of Lavaca County, Texas, brings this employment discrimination suit under Title VII of the Civil Rights Act of 1964 against his former employer, a hospice care provider. (Compl., Dkt. 1). Defendant moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on February 19, 2024,

contending that Plaintiff failed to plead a viable claim under Title VII. (Dkt. 13). Plaintiff opposed the motion and requested leave to file an amended complaint if the Court found his pleadings deficient. (Dkt. 18-1).

On March 7, 2023, this Court referred the motion to U.S. Magistrate Judge Susan Hightower for report and recommendation, pursuant to 8 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. On April 10, 2024, the Magistrate Judge issued her Report and Recommendation, recommending that this Court grant Defendant's motion for judgment on the pleadings, dismiss Plaintiff's complaint and deny Plaintiff leave to file an amended complaint due to futility finding that "[Plaintiff's] Proposed Amended Complaint does not cure his pleading deficiencies and similarly fails to state a plausible claim for relief under Title VII." (R. & R., Dkt. 24 at 16).

Despite the magistrate judge's recommendation that the motion for leave be denied, Plaintiff once again moves for leave to file an amended complaint under Rule 15(c) and has attached his proposed amended complaint. (Dkt. 30-1). Courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). Plaintiff's Proposed Amended Complaint does not cure his pleading deficiencies and once again fails to state a plausible claim for relief under Title VII.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 24), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for judgment on the pleadings, (Dkt. 13), is **GRANTED**.

Plaintiff's motion for leave, (Dkt. 30), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED**.[1]

The Court will enter final judgment by separate order.

**SIGNED** on May 29, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] In his objections, Plaintiff faults the magistrate judge for failing to consider "disparate treatment" claims. In his complaint, it is far from clear that Plaintiff alleges any separate disparate treatment claim. (*See* Compl., Dkt. 1). Nor did Defendant waive its right to contest this claim—it explicitly asked for "judgment on the pleadings and dismissal of all of [Plaintiff's] claims." (Mot. J. Pleadings, Dkt. 13, at 13). For the same reasons the magistrate judge found Plaintiff's hostile work environment, retaliation, and constructive discharge claims lacking, the Court finds that any disparate treatment claim is similarly deficient. Plaintiff's disparate treatment claim is factually identical to his other claims, which all fail to allege a violation of Title VII. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 875–76 (1984) ("Proving isolated or sporadic discriminatory acts by the employer is insufficient to establish a prima facie case . . . ."). Further, Plaintiff's disparate treatment claim is mooted by his admission that he left his job voluntarily, combined with the Corut's finding that he was not constructively discharged. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) ("[T]here are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of [his] protected status.") (cleaned up).